UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CYRIL SMITH,                            :
            Petitioner      :
    vs.                                 :       CIVIL NO. 1:CV-14-0850
                                       :
UNITED STATES OF AMERICA,    :       (Judge Caldwell)
                                       :
            Respondent     :

*M E M O R A N D U M*

I.  *Introduction*

      Cyril Smith, an inmate at the United States Prison in Canaan, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging convictions entered against him in 2007 in the United States District Court for the Southern District of New York.  A jury convicted Petitioner of eight offenses, and the petition challenges two of them: two counts of killing someone while engaged in a drug-trafficking crime, Counts Two and Six of the superseding indictment.  The drug-trafficking crime was a conspiracy to distribute crack cocaine, heroin and cocaine from 1998 to 2002, charged in Count I of the superseding indictment.  Petitioner is serving a sentence of life imprisonment.  His convictions were affirmed on direct appeal.  *United States v. Smith*, 348 F. App'x 636 (2d Cir. 2009)(nonprecedential).

      Smith has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.  His § 2241 petition will therefore be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West

Supp.).[1]

II.  *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court. *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence"). The defendant may only invoke section 2241 when he shows under section 2255's "safety valve" provision in section 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[2] Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions. Rule 4 of the section 2254 rules permits summary dismissals.

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met. As noted below, Smith has already had a section 2255 motion adjudicated.

-2-

challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(nonprecedential).

Citing *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), Smith argues that he can rely on section 2241 because he claims he is actually innocent of the sentences imposed on Counts Two and Six. *Bryant* does stand for the proposition that in certain circumstances section 2241 can be used to challenge a sentence, specifically a sentence beyond the statutory maximum. *Id.* at 1281. However, that case is distinguishable. Although Petitioner frames his 2241 petition as a challenge to his sentences, a review of his arguments reveals he is really challenging the sufficiency of the evidence to support the convictions. See Doc. 1-1, ECF pp. 1-28. Petitioner thus cannot rely on *Byrant* to invoke section 2241 even if we were willing to rely on Eleventh Circuit law.

We add that Petitioner did present the arguments he raises here to the sentencing court, the Southern District of New York, by way of a 2255 motion. That court denied relief, *Smith v. United States*, No. 05-CR-922, 2011 WL 2207520 (S.D.N.Y. June 6, 2011), *reconsideration denied*, 2012 WL 1036072 (S.D.N.Y. Mar. 27, 2012), and the Second Circuit denied a certificate of appealability. *Smith v. United States*, No. 12-2027 (2d Cir. Oct. 3, 2012).

Petitioner has requested that if we deny relief, we grant him a certificate of appealability. Petitioner is advised that he needs no certificate of appealability to appeal

an order denying a 2241 petition.  *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).  He may simply file a notice of appeal.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date: October 22, 2014